**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SPENCER L. ANDERSON,

    Petitioner,

vs.

SHERYL FOSTER, et al.,

    Respondents.

Case No. 2:06-CV-00419-RLH-(PAL)

**ORDER**

      Before the Court are Respondents' Motion to Dismiss (#16) with Exhibits (#15) and Petitioner's Opposition (#23). Based upon the showing made, the Court is not convinced that Petitioner has failed to exhaust his available state-court remedies for Ground 1 of the Petition (#4), and the Court denies the Motion (#16).

      A jury in the Eighth Judicial District Court of the State of Nevada found Petitioner guilty of conspiracy to commit robbery and robbery. The prosecution then asked the court to adjudicate Petitioner as a habitual criminal. The court agreed and sentenced Petitioner to two terms of twenty (20) years' imprisonment, to be served consecutively. Ex. 6 (#15-3, p. 2).[1] Petitioner appealed, both through counsel and <u>pro se</u>. Ex. 7 (#15-3, p. 5), Ex. 8 (#15-3, p. 8). Petitioner's counsel filed an opening brief. Ex. 10 (#15-3, p. 28). Petitioner also filed a <u>pro se</u> brief, which is not in the record before the Court. When the Nevada Supreme Court dismissed the appeal, it noted:

---

[1] Page numbers in parentheses refer to the Court's electronic image.

> Appellant was not granted permission to file proper person papers in this appeal. Nevertheless, we have considered the contentions raised in his proper person brief received on December 14, 1998, and have concluded that they lack merit.

Ex. 12, p. 2 n.1 (#15-4, p. 16).

Petitioner also pursued post-conviction remedies in the state courts. He filed a habeas corpus petition while his direct appeal was still pending. Ex. 9 (#15-3, p. 10). The district court did not adjudicate that petition. Petitioner then filed a second petition. Ex. 14 (#15-4, pp. 20-21, #15-5, #15-6). The court appointed counsel, who filed a supplement. Ex. 24 (#15-11, p. 2). The district court denied the petition. Ex. 21 (#15-10, p. 16). The Nevada Supreme Court affirmed, noting that the district court's denial resolved both petitions. Ex. 22 (#15-10, p. 26).

Petitioner then submitted a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#4) in this Court.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law which applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Respondents argue that Ground 1 is unexhausted. In Ground 1, Petitioner alleges, "The trial court erred in imposing habitual criminal enhancement with stale or remote criminal convictions in violation of the Due Process Clause of the U.S. 14th Amendment." Petition, p. 3 (#4). In his state habeas corpus appeal, Petitioner argued, "The trial court erred in imposing the habitual criminal enhancement with stale or remote criminal convictions." Ex. 19, pp. 14-16 (#15-9, pp. 16-18). Petitioner did not present to the Nevada Supreme Court a federal-law claim with respect to that issue in that proceeding.

However, Respondents have not established that Petitioner never presented a federal-law claim with respect to the issue over stale or remote convictions. When the Nevada Supreme Court rejected the issue in Petitioner's habeas corpus appeal, it stated:

> This contention was raised in the proper person brief submitted by Anderson in his direct appeal. In the order affirming the judgment of conviction, this court concluded that this issue was without merit. It is thus barred by the doctrine of the law of the case.

Ex. 22, pp. 2-3 (#15-10, pp. 27-28) (citing <u>Hall v. State</u>, 535 P.2d 797 (Nev. 1975)). According to Respondents, issue 1(b) of that proper person brief was, "Enhancement based on prior convictions that were too old." Motion, p. 3 (#16). The Court cannot determine whether Petitioner presented that issue as a federal-law claim to the Nevada Supreme Court because Respondents did not include the proper person appellate brief in their exhibits.

Petitioner has submitted another Motion for Appointment of Counsel (#24). He has presented nothing which would cause the Court to depart from its denial (#17) of his first motion (#13).

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#16) is **DENIED**.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which this Order is entered to answer, or otherwise plead to, the Petition (#4). If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel (#24) is **DENIED**.

DATED this   31st   day of           July          , 2007.

_____
ROGER L. HUNT
Chief United States District Judge